**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED COPY: JUNE 23, 2008
08CV3581
JUDGE CASTILLO
MAGISTRATE JUDGE KEYS

DAJ

| | | |
|---|---|---|
| ANDRE WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| THE CITY OF CHICAGO, an Illinois municipal corporation, body politic and unit of local government, | ) | |
| Defendant. | | |

**NOTICE OF REMOVAL**

To the judges of the United States District Court for the Northern District, Eastern Division of Illinois:

Defendant, CITY OF CHICAGO, removes the above-entitled action to this court pursuant to 28 U.S.C. §1441(b). In support of this motion, defendant states as follows:

1. Petitioner is a defendant in the civil action filed on May 9, 2008, in the Circuit Court of Cook County of the State of Illinois, No. 2008 L 005140, entitled ANDRE WATSON, Plaintiff v. CITY OF CHICAGO, an Illinois municipal corporation, body politic and unit of local government, Defendant. See Complaint attached hereto as Exhibit A.

2. The Summons and Complaint was served upon defendant, City of Chicago, on June 4, 2008.

3. Count I of the Complaint alleges the plaintiff's civil rights were violated under the First and Fourteen Amendments to the United States Constitution. The claims in Count 1 are brought pursuant to 42 U.S.C. §1983.

4. Count II of the Complaint alleges the plaintiff was discharged or his discharge

was coerced in retaliation in violation of plaintiff's Constitutional right to freedom of political affiliation.

5. Count VII alleges violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq..

4. Defendant is entitled to remove this action pursuant to the provisions of 28 U.S.C. § 1441 (b) in that plaintiff's claims are founded under the laws of the United States.

WHEREFORE, defendant City of Chicago respectfully requests that the above-entitled action now pending in the Circuit Court of Cook County in the State of Illinois, Case number 2008 L 005410, be removed therefrom to this Court.

Respectfully submitted,

Mara S. Georges
Corporation Counsel City of Chicago

s/ Joan Altman
JOAN ALTMAN
Assistant Corporation Counsel

Chicago, Illinois 60602
312/744-2826

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served via electronic filing a true and correct copy of the above and foregoing Notice of Removal to the counsel indicated on the Notice of Filing this 23 rd day of June, 2008.

s/ Joan Altman
JOAN ALTMAN
Assistant Corporation Counsel

30 N. LaSalle, Suite 1020
Chicago, Illinois 60602
312/744-2826

08CV3581
JUDGE CASTILLO
MAGISTRATE JUDGE KEYS
DAJ

RECEIVED
CORPORATION COUNSEL
CHICAGO
2008 MAY 27
BY

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | |
|---|---|
| **ANDRÉ WATSON,**<br>Plaintiff,<br>v.<br>**THE CITY OF CHICAGO,** an Illinois municipal corporation, body politic and unit of local government,<br>Defendant. | Case No.: 2008-L-<br>Judge: The Hon.<br>Calendar: B Diane Larsen<br>Room: 2203<br>**Jury Trial Respectfully Demanded** |

2008 MAY -9 AM 10:50
CLERK OF CIRCUIT COURT

## COMPLAINT

NOW COMES Plaintiff André Watson (hereinafter, "Plaintiff"), by and through his attorneys, Ávila & Tomic, LLC, and complains against Defendant The City of Chicago, Illinois (hereinafter, "Defendant"). In furtherance whereof, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. The charges contained herein allege torts and contractual disputes governed by Illinois law.

2. The events giving rise to Plaintiff's claims occurred principally within the geographical boundaries of Cook County, Illinois. Living parties are residents of Cook County, Illinois; the principal place of business or operation of non-living parties is Cook County, Illinois.

RECEIVED
2008 MAY 22 AM 9 31
OFFICE OF THE CITY CLERK

## PARTIES

3. Plaintiff André Watson resides in the is an individual who has, at all times relevant hereto, resided in the City of Chicago, in the County of Cook, in the State of Illinois,



and is a citizen of the United States. At all times relevant hereto, Plaintiff's address was 11325 South Emerald Avenue, Chicago (Cook County), Illinois. Nothing herein, however, constitutes a service address nor a direction to communicate directly with Plaintiff; all service to, and communication with, Plaintiff is to be made through Plaintiff's attorneys par usual.

4. Defendant City of Chicago (hereinafter, "Defendant") is an Illinois municipal corporation, body politic and unit of local government, operating throughout the territorial boundaries of the City of Chicago, within the Counties of Cook and DuPage. The centre of management, direction and administration of Defendant is City Hall, located at 121 North LaSalle Street, Chicago (Cook County), Illinois. Defendant was, at all times relevant hereto, acting under the colour of state law,

## STATEMENT OF FACTS

5. Plaintiff was employed by Defendant as a labourer and acting supervisor in Defendant's Department of Streets and Sanitation. Plaintiff's principal place of employment was located at or near 3559 South Maplewood Avenue, Chicago (Cook County), Illinois.

6. Plaintiff suffered from cancer. Defendant was aware of Plaintiff's medical condition.

7. Although able to continue to substantially perform the duties of an acting supervisor, Plaintiff was ill and was tended to in the evenings by Plaintiff's close personal friend, Lynda Brown (hereinafter, "Brown"). During the course of Plaintiff's care and recovery, Plaintiff spent some evenings at the home of Brown, located at 118 East 144th Street, Riverdale (Cook County), Illinois.

8. Over the course of October 2003 through August 2004, Defendant conducted an investigation into the residency of Plaintiff. Defendant's investigation included:

a. Surveillance of Plaintiff's residence on numerous occasions;

b. Logging the comings and goings of Plaintiff and others at Plaintiff's residence;

c. Logging the automobiles arriving at, or departing, Plaintiff's residence;

d. Surveillance of Brown's residence on numerous occasions;

e. Logging the comings and goings of Plaintiff and others at Brown's residence;

f. Logging the automobiles arriving at, or departing, Brown's residence;

g. Identifying whether or not the automobiles were registered to Plaintiff, and the address of the automobiles' registration; and

h. Receipt of some sort of unspecified "documentation" from a Post Office that allegedly "confirms that [Plaintiff] receives mail at the Riverdale address.

9. On 25 August 2004, Defendant's investigative officers or agents approached Plaintiff at Plaintiff's residence and escorted Defendant to the office of Defendant's Inspector General, at 111 West Washington Street, Chicago. Although Defendant's investigative report conveniently couches the memorialisation of Defendant's apprehension and transportation of Plaintiff with terms such as "accused was *asked* to *accompany* the investigators," and "accused

*agreed* to *accompany* the investigators," [emphasis added], Defendant's investigative officers or agents behaved in a manner calculated to imply that Plaintiff was not free and, indeed, Plaintiff reasonably believed that Plaintiff was under arrest or apprehension.

10. On 25 August 2004 Defendant's investigative officers or agents interrogated Plaintiff regarding Plaintiff's residency, in the absence of Plaintiff's attorneys, while Plaintiff was suffering reduced capacity as the result of both Plaintiff's cancer and the medication prescribed to treat Plaintiff's cancer. Under duress, Plaintiff stated that:

a. Plaintiff has received some mail at Brown's residence, which Defendant deemed proof that Plaintiff resides at Brown's residence, despite the fact that people routinely receive mail or parcels at workplaces, academic dormitories, hospital rooms, hotels, jail cells, military duty stations, and other places that are not the residence of the recipient;

b. Plaintiff's mother and sister reside at Plaintiffs residence, which Defendant deemed proof that Plaintiff does not also reside at Plaintiff's residence;

c. Plaintiff had stayed overnight with Brown at Brown's residence while Brown cared for Plaintiff during Plaintiff's cancer battle, which Defendant deemed proof that Plaintiff does not reside at Plaintiff's residence, despite the fact that, by such rationale, every city employee's employment should be terminated for non-residence if such employee takes a vacation outside of the Chicago city limits, spends a night in a hospital outside of the Chicago city limits, visits an intimate friend overnight outside of the

Chicago city limits, or otherwise ventures outside of the Chicago city limits;

d. Plaintiff contributed funds toward Brown's household expenses, as responsible men and/or henpecked men, typically do; and

e. Brown's residence was then currently up for sale, a fact which negates intent on Plaintiff's part to remain permanently at Brown's residence, thus disproving residence on Plaintiff's part at Brown's residence.

11. Defendant's investigative officers or agents dictated a confession for Plaintiff to handwrite, as if in Plaintiff's own suspiciously stilted, formal, and bureaucratic words. Defendant's investigative officers or agents specified the phrase "I have been living at 118 East 114th Street, Riverdale, Illinois," knowing that: a) those words would be interpreted as meaning that Plaintiff was residing at Brown's residence; and b) Plaintiff did not understand or appreciate the implication those words have.

12. Upon the departure of Streets and Sanitation Commissioner, Alfred Sanchez (hereinafter, "Sanchez"), Defendant began to harass Plaintiff who was weakened physically, mentally, and emotionally from the cancer and who had been a political supporter of Sanchez. Defendant applied coercion to Plaintiff in a concerted effort to cause Plaintiff to either resign Plaintiff's employment or act in a manner to give Defendant pretext on which to terminate Plaintiff's employment.

RECEIVED
2008 MAY 23 AM 9 33
OFFICE OF THE CITY CLERK

13. Plaintiff, under duress and coercion from Defendant, resigned Defendant's employment under protest on 21 February 2006.

14. Plaintiff, weakened by Plaintiff's cancer, was unable to prosecute Plaintiff's case as aggressively as Plaintiff would have otherwise been able to prosecute Plaintiff's case were it not for Plaintiff's cancer.

15. Plaintiff made repeated attempts to recover Plaintiff's employment with Defendant. The most recent communication between Plaintiff and Defendant on the matter of Defendant's employment of Plaintiff was made in writing on 21 June 2007,

**COUNT I**
**Civil Rights Act Violation**

16. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 15 hereof and adopts same collectively into this Paragraph 16 as if fully set forth herein.

17. Plaintiff seeks damages under the provisions of 42 U.S.C. § 1983, in compensation for civil rights violations. Plaintiff was an employee of Defendant, holding the positions of labourer and acting supervisor in Defendant's Department of Streets and Sanitation. Defendant's actions or inactions were part and parcel of a political vendetta by Defendant or Defendant's officers, managers or agents, in retaliation for Plaintiff's political affiliation with Sanchez, while using Defendant's dubious claim of non-residency as pretext. Defendant's coercion of Plaintiff into resigning Plaintiff's employment with Defendant, and Defendant's ongoing refusal to rectify that coercion by rehiring Plaintiff violated Plaintiff's right to freedom of political association guaranteed by the First and Fourteenth Amendments to the United States Constitution.

18. Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's violation of Plaintiff's Constitutionally-guaranteed civil rights.

19. Plaintiff is entitled to receive from Defendant punitive damages in an amount equal to or in excess of two million United States dollars (US$2,000,000.00) to dissuade Defendant and others from repeating Defendant's actions and omissions.

**COUNT II**
**Wrongful Termination**

20. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 15 hereof and adopts same collectively into this Paragraph 20 as if fully set forth herein.

21. Defendant's coercion of Plaintiff to sign a so-called "resignation" amounted to constructive termination by Defendant, vice voluntary resignation by Plaintiff.

22. Defendant's wrongful termination of Plaintiff's city employment constituted unlawful retaliation for Plaintiff's exercise of Plaintiff's Constitutionally-guaranteed right to freedom of political affiliation.

23. Defendant's wrongful termination of Plaintiff's city employment was performed with actual malice, and known to be wrongful, with a reckless disregard for their wrongful nature and with the knowledge of the harmful effect the actions would have upon Plaintiff.

24. As a direct and proximate result of Defendant's wrongful termination of Plaintiff's city employment, Plaintiff suffered actual economic damages, in that: a) Plaintiff ceased to receive wages; and b) Plaintiff's professional and work reputation were damaged, thereby impairing Plaintiff's ability to find employment.

25. Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's wrongful termination of Plaintiff's city employment.

**COUNT III**
**Defamation *Per Se***

26. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 15 hereof and adopts same collectively into this Paragraph 26 as if fully set forth herein.

27. Defendant's coercion of Plaintiff to sign a so-called "resignation" amounted to constructive termination by Defendant, vice voluntary resignation by Plaintiff.

28. Defendant's wrongful termination of Plaintiff's city employment was calculated to project defamatory misrepresentations regarding the integrity and work record of Plaintiff in order to harm the reputation of Plaintiff and Plaintiff's business and professional reputation.

29. Defendant's wrongful termination of Plaintiff's city employment constitutes defamation *per se* because this action deals with the business and professional reputation of Plaintiff. Additionally this action impugns Plaintiff's ability to find employment, and otherwise enjoy life in reasonable privacy; that said defamation has cast a strong stigma on Plaintiff's reputation, causing emotional and financial damage.

30. Defendant's wrongful termination of Plaintiff's city employment was performed with actual malice, and known by Defendant to be wrongful, with a reckless disregard for its wrongful nature and with the knowledge of the harmful effect the action would have upon Plaintiff.

31. As a direct and proximate result of Defendant's wrongful termination of Plaintiff's city employment, Plaintiff's professional and work reputations were damaged.

32. Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per se* defamation of Plaintiff.

**COUNT IV**
**Defamation *Per Quad***

33. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 15 hereof and adopts same collectively into this Paragraph 33 as if fully set forth herein.

34. Defendant's coercion of Plaintiff to sign a so-called "resignation" amounted to constructive termination by Defendant, vice voluntary resignation by Plaintiff.

35. Defendant's wrongful termination of Plaintiff's city employment ascribed to Plaintiff personal and/or professional negligence in Plaintiff's work related duties for Defendant. That said false innuendo made by Defendant's action would lead a reasonable person to believe that Plaintiff was an incompetent person in Plaintiff's work related activities.

36. Defendant's wrongful termination of Plaintiff's city employment was performed with actual malice, and known to be wrongful, with a reckless disregard for their wrongful nature and with the knowledge of the harmful effect Defendant's action would have upon Plaintiff.

37. As a direct and proximate result of Defendant's wrongful termination of Plaintiff's city employment, Plaintiff suffered actual economic damages, in that Plaintiff's professional and work reputation were damaged, and Plaintiff's ability to find employment has been impaired.

38. Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per quad* defamation of Plaintiff.

**COUNT V**
**Intentional Infliction of Emotional Distress**

39. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 15 hereof and adopts same collectively into this Paragraph 39 as if fully set forth herein.

40. Defendant's coercion of Plaintiff to sign a so-called "resignation" amounted to constructive termination by Defendant, vice voluntary resignation by Plaintiff.

41. Defendant's wrongful termination of Plaintiff's city employment was without cause, and was callous and uncaring. Defendant was, as well, negligent and malicious in knowing how Defendant's actions would hurt the emotional well being of Plaintiff, particularly in light of Plaintiff's reduced physical, mental and emotional health whilst suffering from cancer.

42. The facts alleged demonstrate Defendant's extreme and outrageous conduct, the intensity and duration of Defendant's conduct, and the direction of Defendant's officers, managers and agents to attack and harass Plaintiff concerning Plaintiff's work record.

43. These extreme and outrageous actions have hindered Plaintiff's employment opportunities and affected Plaintiff's reputation and employability.

44. As a proximate result of one or more of these intentional acts or omissions, Plaintiff sustained and continues to sustain extreme and emotional distress.

45. Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's intentional infliction of Plaintiff's severe emotional distress.

**COUNT VI**
**Civil Extortion**

46. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 15 hereof and adopts same collectively into this Paragraph 46 as if fully set forth herein.

47. Defendant's coercion of Plaintiff to sign a so-called "resignation" amounted to constructive termination by Defendant, vice voluntary resignation by Plaintiff.

48. Defendant attempted to deny Plaintiff's Constitutionally-guaranteed right to freedom of political association under threat of termination of Plaintiff's city employment.

49. Defendant knew such actions were wrongful and calculated to constructively deny Plaintiff's Constitutionally-guaranteed right to freedom of political association.

50. When Plaintiff refused to be extorted into waiving Plaintiff's Constitutionally-guaranteed right to freedom of political association, Defendant wrongfully terminated Plaintiff's city employment.

51. Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's extortion of Plaintiff.

52. Plaintiff is entitled to receive from Defendant punitive damages in an amount equal to or in excess of two million dollars (US$2,000,000.00) to dissuade Defendant and others from repeating Defendant's actions and omissions.

**COUNT VII**
**Violation of the Americans With Disabilities Act**

53. Plaintiff hereby re-alleges the allegations contained in Paragraphs 1 through 15 hereof and adopts same collectively into this Paragraph 53 as if fully set forth herein.

54. Defendant's coercion of Plaintiff to sign a so-called "resignation" amounted to constructive termination by Defendant, vice voluntary resignation by Plaintiff.

55. Defendant violated the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*) by refusing to provide reasonable accommodations to Plaintiff such as, *inter alia*:

a. Offering Plaintiff a medical leave of absence vice coercing Plaintiff to resign under duress;

b. Declining to present Defendant's dubious assertion that Plaintiff was "residing" at Brown's residence during Plaintiff's cancer treatment; or

c. Temporarily exempting Plaintiff from Defendant's residency requirement during Plaintiff's cancer treatment.

56. Defendant knew such actions were wrongful and calculated to constructively deny Plaintiff's federally-guaranteed right to reasonable accommodation.

57. Plaintiff is entitled to receive from Defendant an amount equal to or in excess of one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's extortion of Plaintiff.

58. Plaintiff is entitled to receive from Defendant punitive damages in an amount equal to or in excess of two million dollars (US$2,000,000.00) to dissuade Defendant and others from repeating Defendant's actions and omissions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays this honourable court enter judgement in favour of Plaintiff and against Defendant, specifically:

A. Awarding Plaintiff:

(1) One hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's violation of Plaintiff's civil rights;

(2) punitive damages in an amount equal to or greater than two million dollars (US$2,000,000.00) to punish and deter Defendant and others from engaging in similar future violations of American citizens' civil rights;

(3) interest on the compensatory and punitive damages awarded on the basis of Defendant's violation of Plaintiff's civil rights, at the rate set by law, to commence from 21 February 2006;

(4) one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's wrongful termination of Plaintiff's city employment;

(5) interest on the compensation for Defendant's wrongful termination of Plaintiff's city employment, at the rate set by law, to commence from 21 February 2006;

(6) one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per se* defamation of Plaintiff;

(7) interest on the compensation for Defendant's *per se* defamation of Plaintiff, at the rate set by law, to commence from 21 February 2006;

(8) one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's *per quod* defamation of Plaintiff;

(9) interest on the compensation for Defendant's *per quod* defamation of Plaintiff, at the rate set by law, to commence from 21 February 2006;

(10) one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's intentional infliction of Plaintiff's severe emotional distress;

(11) interest on the compensation for Defendant's intentional infliction of Plaintiff's severe emotional distress, at the rate set by law, to commence from 21 February 2006;

(12) one hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's civil extortion of Plaintiff;

(13) punitive damages in an amount equal to or greater than two million dollars (US$2,000,000.00) to punish and deter Defendant and others from engaging in similar future extortion;

(14) interest on the compensatory and punitive damages awarded on the basis of Defendant's civil extortion of Plaintiff, at the rate set by law, to commence from 21 February 2006;

(15) One hundred thousand United States dollars (US$100,000.00) in compensation for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act;

(16) punitive damages in an amount equal to or greater than two million dollars (US$2,000,000.00) to punish and deter Defendant and others from engaging in similar future violations of American citizens' rights under the Americans with Disabilities Act;

(17) interest on the compensatory and punitive damages awarded on the basis of Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act, at the rate set by law, to commence from 21 February 2006;

(18) costs and attorneys fees and related non-taxable expenses; and

B. Granting such additional relief as this honourable court deems fit and appropriate.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all issues contained herein for which a jury trial is allowed.

Respectfully submitted,

ANDRÉ WATSON,
Plaintiff

By One of His Attorneys

Firm No. 41101
Ávila & Tomic, LLC
Attorneys for Plaintiff
227 West Monroe Street, Suite 2000
Chicago, Illinois 60606-5040
312-762-5928 telephone
312-762-5929 telefacsimile

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

ANDRÉ WATSON,

Plaintiff,

v.

THE CITY OF CHICAGO, an Illinois municipal corporation, body politic and unit of local government,

Defendant.

Case No.: 2008-L-5140

Judge: The Hon. Diane Larsen
Calendar: B
Room: 2203

**Jury Trial Respectfully Demanded**

## ATTESTATION

STATE OF ILLINOIS }
} ss.
COUNTY OF COOK }

**PLAINTIFF ANDRÉ WATSON**, under penalties as provided by law, certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that aforesaid he believes to be true.

André Watson,
Plaintiff

Subscribed and sworn to before me on this 23rd day of April, 2008. My commission expires 7-13, 20 11.

Notary Public

{SEAL}

OFFICIAL SEAL
JEANETTE PRINCIPE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/13/11

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| **ANDRÉ WATSON,**<br>Plaintiff,<br>v.<br>**THE CITY OF CHICAGO,** an Illinois municipal corporation, body politic and unit of local government,<br>Defendant. | Case No.: 2008-L- 2008L005129<br>Judge: The Hon. CALENDAR/ROOM B<br>Calendar: B TIME 00:00<br>Room: 2203 Tort - Intentional<br>Diane Larsen<br>**Jury Trial Respectfully Demanded** |

FILED 2008 MAY -9 AM 10:53 CLERK OF CIRCUIT COURT LAW DIV

## NOTICE OF FILING

To: The City of Chicago
121 North LaSalle Street, Room 600
Chicago, Illinois 60602-1244

PLEASE TAKE NOTICE that on this day, Plaintiff filed with the Clerk of the Circuit Court of Cook County, the attached **Appearance** in the above-captioned case. A copy of same is hereby served upon you.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he this day caused a copy of the above Notice of Filing and the document described thereon, to be served upon the party listed above by attaching the same to the complaint and summons for service therewith; and further states that a courtesy copy was delivered to the judge listed above.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

[signature]

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

**ANDRÉ WATSON,**

Plaintiff,

v.

**THE CITY OF CHICAGO,** an Illinois municipal corporation, body politic and unit of local government,

Defendant.

Case No.: 2008-L 2008L005140
CALENDAR/ROOM B
TIME 00:00
Tort - Intentional

Judge: The Hon.

Calendar: B

Room: 2203 Diane Larsen

**Jury Trial Respectfully Demanded**

## APPEARANCE

NOW COME attorneys Ávila & Tomic, LLC, and hereby enter an appearance on behalf of Plaintiffs, in the above-captioned case. The appearance fee was paid to the Clerk of the Circuit Court simultaneously with this filing.

FILED
2008 MAY -8 AM 10:54
CLERK OF CIRCUIT COURT
LAW DIVISION

Respectfully submitted,

ANDRÉ WATSON, Plaintiff

by: ______________________
One of His Attorneys

Attorney Code 41101
ÁVILA & TOMIC LLC
Attorneys for Plaintiff
227 West Monroe Street, Suite 2000
Chicago, Illinois 60606-5040
312-762-5928 telephone
312-762-5929 telefacsimile

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT – LAW DIVISION

**ANDRÉ WATSON,**

Plaintiff,

v.

**THE CITY OF CHICAGO,** an Illinois municipal corporation, body politic and unit of local government,

Defendant.

Case No.: 2008-L-2008L005140
CALENDAR/ROOM B
Judge: The Hon. TIME 00:00
Calendar: B Tort - Intentional
Room: 2203 Diane Larsen

**Jury Trial Respectfully Demanded**

FILED
2008 MAY -9 AM 10:51
CLERK OF CIRCUIT COURT
LAW DIVISION

## NOTICE OF FILING

To: The City of Chicago
121 North LaSalle Street, Room 600
Chicago, Illinois 60602-1244

PLEASE TAKE NOTICE that on this day, Plaintiff filed with the Clerk of the Circuit Court of Cook County, the attached **Jury Demand** in the above-captioned case. A copy of same is hereby served upon you.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he this day caused a copy of the above Notice of Filing and the document described thereon, to be served upon the party listed above by attaching the same to the complaint and summons for service therewith; and further states that a courtesy copy was delivered to the judge listed above.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

[signature]

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

ANDRÉ WATSON,

Plaintiff,

v.

THE CITY OF CHICAGO, an Illinois municipal corporation, body politic and unit of local government,

Defendant.

Case No.: 2008-L 2008L005140
CALENDAR/ROOM B
TIME 00:00
Judge: The Hon. Tort Intentional
Calendar: B
Room: 2203 Diane Larsen

**Jury Trial Respectfully Demanded**

## JURY DEMAND

NOW COMES Plaintiff and respectfully demands a jury trial. Fee was paid to the Clerk of the Circuit Court at the time this demand was filed.

FILED-17
2008 MAY -9 AM 10:53
CLERK OF CIRCUIT COURT
LAW DIVISION

Respectfully submitted,

ANDRÉ WATSON, Plaintiff

by: ______________________
One of His Attorneys

Attorney Code 41101
ÁVILA & TOMIC LLC
Attorneys for Plaintiff
227 West Monroe Street, Suite 2000
Chicago, Illinois 60606-5040
312-762-5928 telephone
312-762-5929 telefacsimile

08CV3581
JUDGE CASTILLO
MAGISTRATE JUDGE KEYS

2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
SUMMONS

2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

CCG N001-10M-1-07-05 (DAJ )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANDRÉ WATSON, individually,

Plaintiff,

v.

THE CITY OF CHICAGO, an Illinois municipal corporation, body politic and unit of local government,

Defendants.

No. 2008L005140
CALENDAR/ROOM B
TIME 00:00
Tort - Intentional

THE CITY OF CHICAGO
121 N LASALLE ST RM 600
CHICAGO IL 60602-1244

SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington Street, Room 801, Chicago, Illinois 60602 -1462

~~☐ District 2 - Skokie, 5600 Old Orchard Rd., Skokie, IL 60077~~
~~☐ District 3 - Rolling Meadows, 2121 Euclid, Rolling Meadows, IL 60008~~
~~☐ District 4 - Maywood, 1500 Maybrook Ave., Maywood, IL 60153~~
~~☐ District 5 - Bridgeview, 10220 S. 76th Ave., Bridgeview, IL 60455~~
~~☐ District 6 - Markham, 16501 S. Kedzie Pkwy., Markham, IL 60426~~
~~☐ Child Support, 28 North Clark St., Room 200, Chicago, Illinois 60602~~

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41101
Name: Ávila & Tomic LLC
Atty. for: Plaintiff
Address: 227 West Monroe Street, Suite 2000
City/State/Zip: Chicago, Illinois 60606-5040
Telephone: 312-762-5928

WITNESS, ______________, 2008

______________
Clerk of Court

Date of service: ______________, 2008
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: 312-762-5929
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED COPY: JUNE 23, 2008
08CV3581
JUDGE CASTILLO
MAGISTRATE JUDGE KEYS
DAJ

ANDRE WATSON,

Plaintiff,

v.

THE CITY OF CHICAGO, an Illinois municipal corporation, body politic and unit of local government,

Defendant.

No.

Judge

**NOTICE OF FILING**

**TO: Avila & Tomic, LLC**
**227 West Monroe Street**
**Suite 2000**
**Chicago, Illinois 60606-5040**

**PLEASE TAKE NOTICE** that we electronically filed this day with the Clerk of the Court for the United States District Court for the Northern District of Illinois, The City of Chicago's **Notice of Removal**.

DATED at Chicago, Illinois, this 23 rd day of June, 2008.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the City of Chicago

s/ Joan Altman
JOAN ALTMAN
Assistant Corporation Counsel

30 North La Salle Street, Suite 1020
Chicago, Illinois
(312) 744-2826